IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON NORTHROP, | : | CIVIL ACTION NO. **1:CV-08-0746** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| FEDERAL BUREAU OF PRISONS, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

The Plaintiff, Aaron Northrop, currently an inmate at the United States Penitentiary Canaan, Waymart, Pennsylvania ("USP-Canaan"),[1] filed this action, *pro se*, pursuant to 28 U.S.C. § 1331, on April 23, 2008, naming one Defendant, namely the Federal (United States) Bureau of Prisons ("BOP").[2] Plaintiff does not name as Defendants any individuals employed at USP-Canaan. (Doc.

---

[1] Inmate Northrop previously filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with this Court, Civil No. 07-0574, M.D. Pa. On April 9, 2007, we recommended that Petitioner Northrop's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed for lack of jurisdiction. The District Court dismissed Northrop's Habeas Petition on June 29, 2007.

[2] Plaintiff states that this Court has jurisdiction over his action under 28 U.S.C. §§1340 and 1346(a)(1) since it relates to a claim that the BOP is "collecting penalties without authority" in the form of his required prison work while he serves his sentence of 600 months imposed as part of his federal Judgment of Conviction ("J&C"). (Doc. 1, p. 1). However, we read 28 U.S.C. §§ 1340 and 1346(a)(1) to give this Court original jurisdiction over a civil action against the United States for the recovery of an internal revenue tax or penalty which is claimed to have been collected without authority. Plaintiff's pleading does not involve any internal revenue tax or penalty which is claimed to have been collected without authority. Rather, as stated, Plaintiff alleges that the BOP is collecting penalties from him in the form of his required prison work

1, p. 1). Plaintiff Complaint consists of six typed pages. Plaintiff does not indicate in his Complaint if he exhausted his BOP administrative remedies with respect to his present claim that the BOP is improperly collecting a penalty in the form of his prison labor required while he serves his federal sentence. (Doc. 1).[3]  Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 6).

Liberally construing Plaintiff's *pro se* Complaint, we find that he is asserting that the BOP violated his Fourteenth Amendment and Fifth Amendment due process rights by collecting an unauthorized penalty from him in the form of his required work while he serves his 600-month prison sentence imposed as part of his J&C. Plaintiff states that as part of the service of his federal sentence to imprisonment he is being forced to perform intra-prison work by the BOP and that his labor is a protected property interest under the Fourteenth Amendment. (Doc. 1, pp. 1-2).

---

while he serves his 600-month prison sentence. (Doc. 1, pp. 1 and 4). Thus, we find that Plaintiff's action is filed pursuant to 28 U.S.C. § 1331. Venue in this Court is proper with respect to this § 1331 civil rights action since the incidents in question occurred at USP-Canaan which is located in the Middle District of Pennsylvania.

[3] Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* However, Defendant has the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Thus, "a prisoner does not have to allege in his complaint that he has exhausted administrative remedies." *Banks v. Roberts*, 207 WL 1574771, * 5 (M.D. Pa.), aff'd. 251 Fed. Appx. 774 (3d Cir. 2007).

**II. PLRA.**

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995,[4] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[5]  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A Complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   The Court uses the same standard of review under 28 U.S.C. §1915(e)(2)(B) as a Rule 12(b)(6) motion. *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 110 (3d Cir. 2002); *Sharpe v. Costello*, 2007 WL 1098964, *3 (M.D. Pa. 2007).

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against the Defendant since he has failed to state a due

---

[4]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[5]Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison accounts.  The Court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account.  (Docs. 5, 7 and 8).

process claim.

### III. Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

As noted, despite Plaintiff's citation to §§ 1340 and 1346 as the jurisdictional basis for his action, we find that it is filed pursuant to 28 U.S.C. § 1331 and alleges that the BOP violated his due process rights. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the Untied States."

### IV. Allegations of the Complaint.

We now review the Plaintiff's pleading and find that it fails to state a Fifth and Fourteenth Amendment due process claim against Defendant BOP. As stated, Plaintiff essentially claims that he is being forced by Defendant BOP to work at the prison while serving his federal sentence of 600 months imprisonment and that his labor is a protected property interest under the Fourteenth Amendment. Plaintiff avers that his "services being collected have a value of $25,000.00 per day." (Doc. 1, pp. 1-2). As mentioned, Plaintiff states that his prison labor is a protected property interest

under the Fourteenth Amendment.

Plaintiff claims that the BOP is collecting a criminal penalty from him without authority in the form of requiring him to work at the prison while he is serving his 600-month prison sentence imposed as part of his federal J&C.  Plaintiff alleges that the BOP is forcing him to work while he serves his 600-month federal sentence imposed in a criminal J&C dated October 25, 1993, and essentially that he is being deprived of his prison labor, which is his protected property under the Fifth Amendment and Fourteenth Amendment, without due process.  (Doc. 1, pp. 1-2 and 4).

As noted, Inmate Northrop previously filed a § 2241 Petition for Writ of Habeas Corpus with this Court, which was dismissed for lack of jurisdiction.  Civil No. 07-0574, M.D. Pa.  We state the factual background with respect to Plaintiff's federal conviction as derived from our April 2007 R&R issued in his Habeas case,  Civil No. 07-0574.  As we stated in our April 2007 R&R:

> The Petitioner was convicted on October 25, 1993, following a guilty plea, in the United States District Court for the District of Connecticut, [FN6] of conspiracy to possess with intent to distribute marijuana and cocaine, and engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. §§ 846 and 848. (Doc. 1, p. 2 and Exs. A and B [Civil No. 07-0574]).  Petitioner was also convicted of possessing and making a destructive device, in violation of 26 U.S.C. § 5861(c), and two counts of use of interstate communication facilities in the commission of murder for hire, 18 U.S.C. § 1958.  Two counts against Petitioner were dismissed.  Specifically, Petitioner pled guilty to Counts 1, 3, 4, 5 and 6 of the Indictment.  Counts 2 (21 U.S.C. § 841(a)(1)) and 7 were dismissed.  On October 25, 1993, Petitioner was sentenced on the stated offenses to 600 months imprisonment on Counts 1 and 3, and 120 months each on Counts 4, 5 and 6, to run concurrent with the sentence imposed on Counts 1 and 3. (Doc. 1, Ex. B [Civil No. 07-0574]).
>
>> FN6.  Petitioner's factual background is contained in his habeas petition, which is substantiated by his Exhibits attached thereto. (Doc. 1).

5

In his # 07-0574 Habeas Petition, Northrop claimed that the CCE statute required proof that he committed at least three (3) prior felony drug offenses, and that the government failed to identify and disclose the offenses relied upon in his case used to form the basis of the predicate offenses for his CCE charge. Northrop claimed that he was misled about the offenses which qualified as eligible predicate offenses for his CCE charge, and he did not know that only drug violations qualified as predicate offenses for the CCE charge. Northrop claimed that he was sentenced for a crime he did not commit, *i.e.*, the CCE charge. Northrop claimed that his conviction and sentence under 21 U.S.C. § 848 for engaging in a continuing criminal enterprise (CCE) was improper, since the government did not specify the overt acts it was basing the CCE charge on and only incorporated the conduct charged in Counts 4, 5 and 6 of the Indictment. Thus, Northrop contended that the government relied on offenses which were not eligible as predicate offenses for purposes of the CCE charge. Northrop stated that the unlawful conviction of the CCE charge should have nullified his federal sentence.

Northrop was construed as claiming in his Habeas Petition that his challenged sentence of 600 months was an improper sentence for his convicted offenses since he was improperly sentenced for the CCE offense based on his claim that the District Court should not have used the § 841 and § 846 offenses in the Indictment (Counts 1 and 2) as predicate offenses to support its sentence of him. He claimed that the Court improperly based his 1993 federal sentence on a CCE conviction that was improper, and sentenced him under § 848, when it was not properly established and charged that he committed the requisite drug violations to support such a charge. He claimed that the Court's sentence of 600 months imprisonment includes punishment for a crime

he did not commit, *i.e.*, § 848. He claimed that, but for the government's and sentencing court's unlawful application of the predicate offenses, which were not eligible drug violations, he would not have pled to and been convicted of the CCE charge, and he would have received a shorter prison term. He stated that the Court relied upon improper offenses (§ 841 and § 846) as predicate offenses under the CCE, and that his 600-months sentence was excessive.

As stated, the District Court dismissed Northrop's Habeas Petition for lack of jurisdiction.

Plaintiff's present Complaint again indicates the criminal offenses for which he was charged. (Doc. 1, p. 3). While Plaintiff states that he was charged with violating "revenue laws of the United States" and he thus has attempted to invoke this Court's jurisdiction under §§ 1340 and 1346, we do not find Plaintiff's stated convicted offenses to be violations of revenue laws. Nor do we find this Court has jurisdiction over Plaintiff's present case pursuant to §§ 1340 and 1346. Rather, we have construed this as a § 1331 action in which Plaintiff alleges a violation of his Fifth Amendment and Fourteenth Amendment due process rights by the BOP.

Plaintiff alleges that:

> On October 25, 1993, judgment was rendered against the plaintiff and the plaintiff's agent was ordered to pay the account in money and services. Specifically, the plaintiff was ordered to pay $250.00 in felony assessment fees and ordered to perform 600 months of service in a federal institution to be followed by three years of supervised release. The plaintiff and his agent agreed to the medium of payment by failing to object to the medium at the time of sentencing.

(Doc. 1, p. 4, ¶ 5.).

Plaintiff states that on December 28, 2006, he requested the BOP to provide him with an accounting of his statement of account and a list of collateral, but that the BOP did not respond to

his request. Plaintiff avers that on January 28, 2007, he decided to pay his account in money rather service, and offered the BOP a promissory note in the amount of $1,215, 475.00 as full payment of his debt (*i.e.* his required work while he serves his federal prison sentence). Plaintiff states that the BOP did not respond to his offer. (*Id.*, pp. 5-6). Plaintiff seems to infer that he offered the BOP his $1.2 million dollar promissory note in lieu of working in the prison while he serves the remainder term of his federal prison sentence.

As relief, Plaintiff states:

> Wherefore, plaintiff demands declaratory judgment for an account stated and an account settled. Plaintiff also demands reimbursement for the value of the services being collected without authority, and such value of services being set at $25,000.00 per day.

(*Id.*, p. 6).

Thus, we construe Plaintiff as alleging that he is entitled to money in the amount of $25,000.00 per day for his work which the BOP requires him to perform in prison under 18 U.S.C. § 4122, and that he has a protected property interest in his labor under the Fourteenth Amendment that the BOP is depriving him of without due process.[6]

Plaintiff claims that he was forced to work by the BOP at USP-Canaan and he has a protected property interest in his labor under the Fifth Amendment and Fourteenth Amendment.

---

[6]Under §4122(b)(1), the Federal Prison Industries Board "shall provide employment for the greatest number of t hose inmates in the United States penal and correctional institutions who are eligible to work as is reasonably possible, diversify, so far as practicable, prison industrial operations and so operate the prison shops that no single private industry shall be forced to bear an undue burden of competition from the products of the prison workshops, and to reduce to a minimum competition with private industry or free labor."

Plaintiff states that he requested the BOP to provide him with an accounting for his services but the BOP did not respond. Plaintiff's October 25, 1993 Judgment of Sentence imposed a 600-month prison sentence as well as a $250.00 special assessment, but did not impose a fine. (Doc. 1, p. 4). Plaintiff states that the services being collected by the BOP due to his prison labor have a value of $25,000.00 per day. Plaintiff claims that his services amount to penalties which the BOP is collecting without authority.[7]

In his Complaint, Plaintiff does not state that the BOP fails to pay him for his prison work. Rather, Plaintiff only states that he is entitled to $25,000.00 per day for his work. In fact, on his *in forma pauperis* application (Doc. 2, p. 1), Plaintiff indicates that he is employed at USP-Canaan and that he receives payment from the prison. However, Plaintiff indicates that he is not currently employed at the prison. Further, Plaintiff's prison account statement attached to his *in forma pauperis* Application shows that he received payroll deposits in his account each month from January 2008 through April 2008.

We find that Plaintiff has not pled a Fifth Amendment or Fourteenth Amendment claim against Defendant BOP. In his pleading, Plaintiff has failed to allege conduct by the BOP that amounted to a violation of the Fifth and Fourteenth Amendments since we find that requiring Plaintiff to work under § 4122 does not amount to a due process violation under the Fifth Amendment and Fourteenth Amendment.

---

[7]Plaintiff has no Constitutional right to any particular job in the prison. *See Wright v. O'Hara*, 2002 WL 1870479, *5 (E.D. Pa.). The Constitution does not create a property right interest in prison employment. *See Wilkins v. Bittenbender*, 2006 WL 860140, * 9 (M.D. Pa. 2006).

Insofar as Plaintiff seeks additional reimbursement from the BOP in the amount of $25,000.00 per day for the value of his labor (which he equates to his property) while he serves his federal a prison sentence (Doc. 1, pp. 2, 6), the FTCA, and not a *Bivens* action, is for claims against employees of the United States for money damages with respect to loss of property or property improperly taken. *See* Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2680. *See also Banks, supra*, 2007 WL 1574771, *7.[8] Further, Plaintiff must exhaust his administrative remedies with the BOP by filing a tort claim (SF-95) prior to filing an FTCA action in District Court.[9] *Id.*, slip op. p. 5, 2007 WL 3096585, * 2.

Thus, we shall recommend that Plaintiff's claim for reimbursement for the alleged additional value of intra-prison work required by the BOP while he completes his federal prison sentence, which he values at $25,000.00 per day (Doc. 1, p. 6), and his requests for money damages as against Defendant BOP, be dismissed. We also find that the BOP's requirement that Plaintiff must work does not amount to a due process claim and does not rise to the level of a Constitutional

---

[8]The Third Circuit in *Banks* noted, "The District Court correctly construed Banks' negligence claim under the FTCA, noting that it could not consider his negligence claim under *Bivens*, because negligence is not the basis of a constitutional claim. *See Bivens*, 403 U.S. at 392 (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's *constitutional* rights)." 2007 WL 3096585, * 2, n. 4.

[9]The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. §2675 (a). Plaintiff here is seeking damages for the alleged value of his prison labor which he claims the BOP is not paying him. With respect to any FTCA claim, the only proper party Defendant is the United States, and not the federal agency, *i.e.*, the BOP. *See* 28 U.S.C. §2679 (b) and (d)(1). Thus, the BOP cannot be named as a Defendant in an FTCA action, and only the United States can be named as Defendant. *See Banks, supra*, 2007 WL 3096586, * 2.

violation.

## VI. Discussion.

The Court stated in *O'Connell v. Sobina*, 2008 WL 144199, * 17 (W.D. Pa):

> The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on a prisoner. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). The Due Process Clause shields from arbitrary or capricious deprivation only those facets of a convicted criminal's existence that qualify as "liberty interests." *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The types of protected liberty interests are not unlimited. The interest must rise to more than an abstract need or desire and must be based on more than a unilateral hope. Rather, an individual claiming a protected interest must have a legitimate claim of entitlement to it. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (citation omitted).
>
> Thus, the threshold question presented by Plaintiff's claims is whether Defendants' actions impacted a constitutionally-protected interest. A liberty interest may arise either from the Due Process Clause itself, or from a statute, rule, or regulation. *Hewitt*, 459 U.S. at 466. A liberty interest inherent in the Constitution arises when a prisoner has acquired a substantial, although conditional, freedom such that the loss of liberty entailed by its revocation is a serious deprivation requiring that the prisoner be accorded due process. *Gagnan v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

The *O'Connell* Court further stated:

> [I]n *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) . . . the Supreme Court pronounced a new standard of determining whether prison conditions deprive a prisoner of a liberty interest that is protected by due process guarantees. Specifically, the Supreme Court held that prison conditions do not impact a protectable liberty interest unless they result in an *"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."* *Sandin*, 515 U.S. at 483 (emphasis added).

In *Perez v. Federal Bureau of Prisons*, 229 Fed.Appx. 55, 58 (3d Cir. 2007), the Court stated:

> To succeed on a due process claim, Perez must demonstrate that he was deprived of a liberty interest without due process. *See Bd. of Regents v. Roth*, 408 U.S. 564, 569-71, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Due Process Clause does not, however, subject an inmate's treatment by prison authorities to judicial oversight as long as the degree of confinement or conditions to which the inmate is subject are within the sentence imposed and do not otherwise violate the Constitution. *Fraise v. Terhune,* 283 F.3d 506, 522 (3d Cir.2002).

We find that Plaintiff's alleged forced labor by the BOP while he serves his federal prison sentence is not a prison condition that results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483.

"Prisoners have no entitlement to a specific job, or even to any job." *Banks, supra*, 2007 WL 1574771, *9 (citation omitted). Plaintiff has no Constitutional right to any particular job in the prison. *See Wright v. O'Hara*, 2002 WL 1870479, *5 (E.D. Pa.). The Constitution does not create a property right interest in prison employment. *See Wilkins v. Bittenbender*, 2006 WL 860140, * 9 (M.D. Pa. 2006). Plaintiff Northrop's claimed injury is that the BOP is taking his labor in the prison, which amounts to a criminal penalty, and that the BOP is not paying him the full value for his work, which he values as being $25,000.00 per day. As stated, Plaintiff does not allege that the BOP fails to pay him for his intra-prison labor. Plaintiff's *in forma pauperis* Application acknowledges that Plaintiff received pay for his prison work. (Doc. 2).

In *Banks, supra*, 2007 WL 1574771,*10, the District Court stated:

> The Third Circuit has explicitly held that prisoners who perform intraprison work are not entitled to minimum wages under the FLSA. *Tourscher v. McCullough*, 184 F.3d 236, 243 (3d Cir. 1999). In doing so, the Third Circuit Court found that each circuit that has addressed the question of whether an inmate is entitled to the

federal minimum wage has concluded that prisoners producing goods and services used by the prison should not be considered employees under the FLSA. *See id.* (citing *Gambetta v. Prison Rehabilitative Indus.*, 112 F.3d 1119, 1124-25 (11th Cir. 1997); *Dannesfkjold v. v. Hausrath*, 82 F.3d 37, 43 (2d Cir. 1996); *Reimoneng v. Foti*, 72 F.3d 472, 475 n. 3 (5th Cir. 1996); *Henthorn v Dept. of Navy*, 29 F.3d 682, 684-87 (D.C. Cir. 1994); *McMaster v. Minnesota*, 30 F.3d 976, 980 (8th Cir. 1994); *Hale v. Arizona*, 993 F.2d 1387, 1392-98 (9th Cir. 1993) (*en banc*); *Franks v. Oklahoma State Indus.*, 7 F.3d 971, 972 (10th Cir. 1993); *Harker v. State Use Indus.*, 990 F.2d 131, 133 (4th Cir. 1993); *Miller v. Dukakis*, 961 F.2d 7, 8- (1st Cir. 1992); *Vanskike v. Peters*, 974 F.2d 806, 809-10 (7th Cir. 1992)). The United States Court of Appeals for the Second Circuit, in *Danneskjold*, reasoned,

> The relationship is not one of employment; prisoners are taken out of the national economy; prison work is often designed to train and rehabilitate; prisoners' living standards are determined by what the prison provides; and most such labor does not compete with private employers . . .

*Danneskjold*, 82 F.3d at 42-43.

In *Carey v. Johnson*, 2008 WL 724101, *9 (W. D. Pa.), the District Court stated:

> It is well settled that prisoners have no inherent constitutional right to a prison job and no inherent constitutional right to wages for work performed while incarcerated. *See, e.g., Washlefske v. Winston*, 234 F.3d 179 (4th Cir. 2000); *Beatty v. DeBruyn*, 77 F.3d 484 (Table), 1996 WL 80168, at * 1 (7th Cir. 1996) ("[I]f prison officials can constitutionally require inmates to work without pay, they can certainly deny prisoners pay for doing nothing.") *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992), *cert. denied*, 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993); *Newsom v. Norris,,* 888 F.2d 371, 374 (6th Cir. 1989) (prisoner has no constitutional right to prison employment or a particular prison job; *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (inmates have no constitutional right to participate in prison work programs); *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir.) (noting that, because the Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, prisoners may be required to work without pay), *cert. denied*, 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963); *Signer v. Lowrie*,

404 F.2d 659, 661 (8th Cir. 19680 (noting that there is no Constitutional right to compensation for prison work; compensation for prison labor is "by grace of the state."), *cert. denied*, 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969). [FN1].  Thus, Plaintiff must show that he has a property interest in prison wages, protected by the Fourteenth Amendment, to succeed in his § 1983 suit.

> FN1.  *See also Joseph v. U.S. Federal Bureau of Prisons*, 232 F.3d 901 (Table), 2000 WL 1532783 (10th Cir. 2000) (holding that there is no eighth amendment claim for loss of a prison job).

Both the federal and state courts in Pennsylvania have determined that Pennsylvania inmates do not have any constitutionally protected right to employment or to earn wages while incarcerated. *See, e.g. Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975); *Fiddler v. Pennsylvania Dept. of Corrections*, 55 Fed.Appx. 33, 2002 WL 31648368 (3d Cir. Nov. 25, 2002); *McCoy v. Chesney*, 1996 WL 119990 (E.D. Pa. March 15, 1996); *Altman v. Department of Corrections,* 686 A.2d 40, 42 (Pa. Commw. 1996), *aff'd*, 549 Pa. 577, 701 A.2d 1359 (1997).  Consequently, Plaintiff's claim concerning his prison job and prison wages do not state a claim upon which relief may be granted under 42 U.S.C. § 1983.

In *Fallis v. U.S.*, 263 F. Supp. 780, 783 (M. D. Pa.), this Court stated long ago:

> The board of directors of the Federal Prison Industries is directed, under 18 U.S.C. § 4122(b) to 'provide employment for all physically fit inmates in the United States penal and correctional institutions.' Fallis appears to forget that he committed a crime and that he is now confined in the custody of the Attorney General and the Bureau of Prisons, 18 U.S.C. §§ 4042, 4082, and that it is they, not the prisoners, that administer the penitentiaries.

> 'Where a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises.  *Lindsey v. Leavy*, 9 Cir., 149 F.2d 899.  The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute. * * *' *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 19630, *cert. denied*, 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963); *reh. denied*, 375 U.S. 982, 84 S.Ct. 495, 11 L.Ed.2d 429 (1964).

> There is no question but that federal prisoners may be required to work in accordance with institution rules.  *See United States v. Pridgeon*, 153 U.S. 48,14 S.Ct. 746, 38 L.Ed. 631 (1894).  This is not cruel and unusual punishment, double jeopardy or involuntary servitude.  His failure to work has resulted in his being placed in administrative segregation.  This is entirely consistent with the institution's duty to maintain effective prison discipline.

In *Johnson v. Townsend*, 2005 WL 2990695, *2 (M. D. Pa.), the District Court stated:

> It is clear that Plaintiff does not have a liberty interest in compensation and his days off or hours worked which arises from the Due Process Clause itself, as the conditions and degree of confinement to which Plaintiff was subjected are within the sentence imposed upon him. Further, as Magistrate Jude Blewitt correctly determined, Plaintiff has not been deprived of a state-created liberty interest. Even assuming *arguendo* that the DOC policy creates a liberty interest in Plaintiff's compensation and days off or hours worked, an atypical and significant hardship has not been imposed on Plaintiff.
>
>> As Magistrate Judge Blewitt correctly noted, it is well settled that inmates have no constitutional right to compensation.  *Murray v. Miss. Dept. of Corr.*, 911 F.2d 1167, 1167-68 (5th Cir. 1990) ("Compelling an inmate to work without pay is not unconstitutional . . . compensating prisoners for work is not a constitutional requirement but, rather, is by the grace of the state"). Additionally, "[there is no federally protected right of a state prisoner not to work while imprisoned after conviction . . ." *Stiltner v. Rhay*, 322 F.2d 314, 315 (9th Cir. 1963); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  As such, a sentenced inmate may reasonably expect to be required to work without compensation as a result of his conviction.

Since Plaintiff Northrop had no Constitutional right to employment in the federal prison and had no right to prison pay, he does not state a due process violation with respect to his claim that the BOP is forcing him to work and not paying him for the full value of his services which he claims is $25,000.00 per day.  Plaintiff does not have a property interest in prison wages or in his intra-

15

prison labor that is protected under the Fifth Amendment and Fourteenth Amendment. Further, the BOP's requirement that Plaintiff perform intra-prison work does not impose an atypical and significant hardship on Plaintiff.

Thus, we find that our Plaintiff has not raised a constitutional violation with respect to his alleged forced labor at USP-Canaan and the alleged failure to pay him what he thinks his services are worth, *i.e.* $25,000.00 per day. Therefore, we do not find a Fifth Amendment and Fourteenth Amendment due process claim asserted against the BOP.[10]

## VII. Recommendation.

Based on the above, it is respectfully recommended that this case be dismissed as against Defendant BOP with respect to Plaintiff's due process claim under the Fifth and Fourteenth

---

[10]Notwithstanding the Plaintiff's *pro se* status and our initial finding that his constitutional claims are insufficient as to Defendant BOP,  we do not recommend that he be permitted to amend his Complaint to include more specific facts against this  Defendant, since we find that the Plaintiff's due process claim against the stated Defendant  fails to state a constitutional violation under the Fifth and Fourteenth Amendments.   Thus, we find futility of any amendment of Plaintiff's claims as to Defendant BOP, and we shall not recommend Plaintiff be granted leave to amend his pleading. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004).

Amendments.  We also recommend that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 6) be granted solely for the purpose of the filing of this action.  *See Gorea v. DHS*, Civil NO. 06-1090, M.D. Pa. 8-21-06 Order, J. Muir.

                **s/ Thomas M. Blewitt**
                **THOMAS M. BLEWITT**
                **United States Magistrate Judge**

**Dated: May 12, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON NORTHROP, | : | CIVIL ACTION NO. **1:CV-08-0746** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| FEDERAL BUREAU OF PRISONS, | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 12, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                       **s/ Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: May 12, 2008**