IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON NORTHROP, | : | |
| Plaintiff | : | Civil Action No. 1:08-cv-0746 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| Defendant | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court is Plaintiff Aaron Northrop's *pro se* action against the Federal Bureau of Prisons pursuant to 28 U.S.C. §§ 1340 and 1346(a).[1] (Doc. No. 1 at 1.) Plaintiff claims that jurisdiction in this Court is proper under 28 U.S.C. §§ 1340 and 1346(a) because the statute under which he was originally convicted, the Continuing Criminal Enterprise statute, 21 U.S.C. § 848, is a revenue statute. Also before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 9), and Plaintiff's objection thereto (Doc. No. 14). For the reasons that follow, Plaintiff's action will be dismissed for lack of jurisdiction.

As previously mentioned, Plaintiff contends that because he received a "penalty" for his conviction under the Continuing Criminal Enterprise statute, 21 U.S.C. § 848, the government has collected revenue and therefore this Court has jurisdiction under 28 U.S.C. §§ 1340 and 1346(a), the former of which provides that district courts shall have original jurisdiction of any "civil action arising under any Act of Congress providing for *internal revenue*, or *revenue from imports or tonnage . . .* ," 28 U.S.C. § 1340 (emphasis added), and the latter of which provides

---

[1] Plaintiff does not name any individuals as defendants in this action, and the Federal Bureau of Prisons has not filed a responsive pleading or motion to dismiss to the complaint. Furthermore, it should be noted that this is not the first time Plaintiff has been before this Court. On June 29, 2007, the Court dismissed Plaintiff's Petition for Writ of Habeas Corpus, Northrop v. Lindsay, Civ. No. 07-0574, Doc. No. 2 (M.D. Pa. Dec. 6, 2007), for lack of jurisdiction.

that district courts shall have original jurisdiction of any "civil action against the *United States* for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected," 28 U.S.C. § 1346(a) (emphasis added).  Magistrate Judge Blewitt interpreted 28 U.S.C. §§ 1340 and 1346(a) as giving this Court original jurisdiction only in cases relating to "recovery of an internal revenue tax or penalty which is claimed to have been collected without authority" (Doc. No. 9 at 1 n.2.), and, for the reasons that follow, this Court agrees.

It is well settled that a "bill for raising revenue . . . is confined to bills to levy taxes in the strict sense of the word, and does not extend to bills for other purposes which incidentally create revenue."  United States v. Norton, 91 U.S. 566, 569 (1875).  Similarly, "a statute that creates a particular governmental program and that raises revenue to support that program, as opposed to a statute that raises revenue to support Government generally, is not a bill for raising revenue." United States v. Munoz-Florez, 495 U.S. 385, 398 (1990) (internal citations omitted).

The Continuing Criminal Enterprise statute is contained within the Drug Abuse Prevention and Control Act.  In enacting the Drug Abuse Prevention and Control Act Congress found that illegal drug trafficking has a "substantial and detrimental effect on the health and general welfare of the American people."  21 U.S.C. § 801.  The purpose behind the Drug Prevention and Control Act speaks to that finding:  The Act is intended to prevent and control the illicit flow of narcotics.  It is not, as Plaintiff contends, intended to raise revenue for the government in a way similar to federal taxes.

Because Plaintiff is not entitled to relief under either 28 U.S.C. §§ 1340 or 1346(a), this Court must dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(h)(3).  See Fed. R. Civ. P. 12(h)(3) (stating that "[i]f a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  In addition, even if Plaintiff could establish subject-matter jurisdiction, the Court would dismiss the complaint as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B)(I), as recommended in the Report and Recommendation.  (Doc. No. 9 at 16.)

Finally, rejecting Plaintiff's assertion that this Court has jurisdiction under 28 U.S.C. §§ 1340 and 1346(a), Magistrate Judge Blewitt construed Plaintiff's action as arising under the Fourteenth and Fifteenth amendments and filed pursuant to 28 U.S.C. § 1331, the federal-question jurisdiction statute.  This Court agrees with Magistrate Judge Blewitt's findings and directs the parties to the Report and Recommendation for a thorough analysis of why Plaintiff's Due Process claims must fail and why amending the complaint would prove futile.  (Doc. No. 9 at 11–16.)  **AND NOW**, on this 24th day of November 2008, upon due consideration of Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 6), the Report and Recommendation of Magistrate Judge Thomas Blewitt (Doc. No. 9), and Plaintiff's objection thereto (Doc. No. 14), and for the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (Doc. No. 9) is **ADOPTED**;

2. Plaintiff's objection (Doc. No. 14) to the Report and Recommendation is **OVERRULED**;

3. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 6) is **GRANTED**;

4. Plaintiff's complaint (Doc. No. 1) is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

5. The Clerk of Court shall **CLOSE** the file.

6. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania