IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON NORTHROP, | : | CIVIL ACTION NO. 1:CV-08-0746 |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| FEDERAL BUREAU OF PRISONS, | : | |
| Defendant | : | |

**MEMORANDUM AND ORDER**

**I. Background.**

On April 23, 2008, Plaintiff Aaron Northrop, currently an inmate at the Federal Correctional Institution at McKean, Bradford, Pennsylvania, and formerly an inmate at the United States Penitentiary Canaan, Waymart, Pennsylvania ("USP-Canaan"),[1] filed the above action, *pro se*, pursuant to 28 U.S.C. § 1331, naming one Defendant, namely the Federal (United States) Bureau of Prisons ("BOP").[2] Plaintiff did not name as Defendants any individuals employed at USP-

---

[1] Inmate Northrop previously filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with this Court, Civil No. 07-0574, M.D. Pa. On April 9, 2007, we recommended that Petitioner Northrop's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed for lack of jurisdiction. The District Court dismissed Northrop's Habeas Petition on June 29, 2007.

[2] Plaintiff stated that this Court had jurisdiction over his action under 28 U.S.C. §§1340 and 1346(a)(1) since it related to a claim that the BOP was "collecting penalties without authority" in the form of his required prison work while he serves his sentence of 600 months imposed as part of his federal Judgment of Conviction ("J&C"). (Doc. 1, p. 1). However, we read 28 U.S.C. §§ 1340 and 1346(a)(1) to give this Court original jurisdiction over a civil action against the United States for the recovery of an internal revenue tax or penalty which is claimed to have been collected without authority. Plaintiff's pleading did not involve any internal

Canaan. (Doc. 1, p. 1). Plaintiff Complaint consisted of six typed pages. Plaintiff claimed in his Complaint that the BOP was improperly collecting a penalty in the form of his prison labor required while he served his federal sentence. (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 6).

Liberally construing Plaintiff's *pro se* Complaint, we found that he was asserting that the BOP violated his Fifth Amendment due process rights by collecting an unauthorized penalty from him in the form of his required work while he served his 600-month federal prison sentence imposed as part of his J&C. Plaintiff stated that as part of the service of his federal sentence to imprisonment he was being forced to perform intra-prison work by the BOP and that his labor was a protected property interest under the Fifth Amendment. (Doc. 1, pp. 1-2).

As stated, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Thus, on May 12, 2008, we screened Plaintiff's Complaint under the Prison Litigation Reform Act of 1995,[3] (the "PLRA"), which obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[4]

---

revenue tax or penalty which is claimed to have been collected without authority. Rather, as stated, Plaintiff alleged that the BOP was collecting penalties from him in the form of his required prison work while he served his 600-month prison sentence. (Doc. 1, pp. 1 and 4). Thus, we found that Plaintiff's action was filed pursuant to 28 U.S.C. § 1331. Venue in this Court was proper with respect to this § 1331 civil rights action since the incidents in question occurred at USP-Canaan which is located in the Middle District of Pennsylvania.

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[4]Plaintiff completed an application to proceed *in forma pauperis* and Authorization to have funds deducted from his prison accounts. The Court then issued an Administrative Order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 6, 7 and 8).

We issued a Report and Recommendation ("R&R") and recommended that Plaintiff's case be dismissed as against Defendant BOP with respect to Plaintiff's due process claim under the Fifth Amendment. We also recommended that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 6) be granted solely for the purpose of the filing of this action.

On November 24, 2008, the Court adopted our R&R and dismissed Plaintiff's Complaint. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 6) was granted solely for the purpose of the filing of his action. (Doc. 18). Plaintiff's case was then closed.

On December 7, 2012, Plaintiff filed a 2-page typed Motion to Modify the Payment Schedule imposed by the BOP with respect to the collection of the filing fees in his court cases. **(Doc. 28).** Plaintiff also attached Exhibits to his Motion. On January 31, 2013, the Court referred Plaintiff's stated Motion to the undersigned. (Doc. 30).

**II. Discussion.**

We now consider Plaintiff's Doc. 28 Motion.

As stated, the Court granted Plaintiff's *in forma pauperis* Motion. Plaintiff also filed a Prisoner Authorization allowing, in part, the entire filing fee to be deducted from his inmate account. An Administrative Order was also sent to the Superintendent of USP-Canaan. (Docs. 6, 7 & 8). In his Doc. 28 Motion, Plaintiff states that before he incurred his obligation to pay the filing fee of $350 in the present case, he had other obligations he owed in the District of Connecticut for the filing fees in prior cases he commenced. Plaintiff then lists the five (5) cases in the U.S. District Court for the District of Connecticut and in the Court of Appeals for the Second Circuit in which he must pay the filing fees, and his Exhibits attached to his Doc. 28 Motion support his contention.

(Doc. 28, pp. 4-11).

Plaintiff states that the BOP has been collecting all of his filing fee obligations at the same time, and as such, the BOP "withdrew 100% of [his] monthly income whenever [his] monthly income exceeds $10.00." (*Id.*, p. 2). Plaintiff states that the "withdrawal of 100% of his monthly income [by the BOP] is too much of a burden" and that he "wants the BOP to limit its monthly withdrawals to 20% of his monthly income." Plaintiff suggests that the Court can accomplish his objective by either ordering the BOP to collect his filing fees consecutively with one another or by ordering his filing fees to be paid concurrently but limiting the withdrawals to 20% of his monthly income.

Thus, Plaintiff requests the Court to issue an Order directing the BOP to limit the total withdrawals for his filing fees from his inmate account to 20% of his monthly income. (*Id.*).

Plaintiff did not cite to any case law or statutory law which entitles him to his requested relief.

We shall deny Plaintiff's Doc. 28 Motion. In *Shelley v. Patrick*, 2010 WL 176367, *2 (3d Cir. 2010), the Court stated:

> The *in forma pauperis* statute provides that the District Court may authorize the commencement of a civil action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such [litigant] possesses that the person is unable to pay such fees ..." 28 U.S.C. § 1915(a)(1). A District Court's decision whether to grant IFP status is based solely on the economic eligibility of the petitioner. *See Sinwell*, 536 F.2d at 19. The court reviews the litigant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*. *Deutsche v. United States*, 67 F.3d 1080, 1084 n. 5 (3d Cir.1995).

4

See also *Piskanin v. Court of Common Pleas of Lehigh County*, 359 Fed. Appx. 276, 278 (3d Cir. 2009).

"Under the [PLRA], ... , all prisoners who file [IN FORMA PAUPERIS] civil actions must pay the associated filing fees. 28 U.S.C. §1915(b)(1)." *Muhammad v. U.S. Marshal Service*, 385 Fed. Appx. 70, 72 (3d Cir. 2010). "Payment of the full filing fee may be spread over a number of monthly payments." *Id.*(quoting *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009)). The filing fee requirements under the PLRA "provide economic incentives that require prisoners to 'stop and think' before filing suit." *Id.* at 73(citations omitted). "[T]he prisoner must make monthly payments equal to 20 percent of the preceding month's income credited to the account to be forwarded when the prisoner's account balance exceeds ten dollars." *Id.* at 72(quoting *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)(citing 28 U.S.C. §1915(b)(2)). Further, "there is nothing in the PLRA that prevent a warden from withdrawing funds from an inmate account, ... , so long as there is a balance of at least $10.01." *Id.* at 73. Finally, it is Northrop's duty to ensure that his account balance is sufficient to make his monthly payments towards his filing fees. *Id.*(citation omitted).

### III. Conclusion.

Based on the foregoing, we shall deny Plaintiff's **Doc. 28** Motion to Modify the BOP's Payment Schedule with respect to the collection of the filing fees Plaintiff owes for several court actions he commenced. *See Muhammad v. U.S. Marshal Service, supra; Fattah v. Sabol*, Civil No. 10-1607, M.D. Pa., March 28, 2012 Order (Court denied Plaintiff inmate's Motion to Cease and Desist the Collection of the Filing Fee in his civil rights case, in which his *in forma pauperis* motion was granted, and for a refund of the monies which have been deducted from his inmate account).

An appropriate Order shall be issued.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: February 11, 2013